NORTH AUGUSTA HOTEL COMPANY *v.* WOOD.

FISH, C. J.   The petition fails to show that the North Augusta Hotel
    Company has an equitable cause for enjoining the suit of Wood against
    the North Augusta Land Company as principal, and Miller, Jackson,
    and Hankinson as sureties, pending in the city court of Richmond
    county, and to have a certain contract of release executed by the Hotel
    Company and the Land Company to Wood canceled, and to have an
    accounting and other equitable relief.   Accordingly, the court did not err
    in dismissing the petition on general demurrer.

> *Judgment affirmed.   All the Justices concur.*
> No. 2740.  SEPTEMBER 27, 1922.

Equitable petition.   Before Judge Hammond.   Richmond su-
perior court.   June 11, 1921.

On December 7, 1914, the North Augusta Hotel Company
leased the property known as the Hampton Terrace Hotel to C. A.
Wood for the term of two years, beginning June 1, 1915, and
expiring June 1, 1917, at a rental of $38,000 a year.   Wood went
into possession under the lease, and so remained until November
2, 1916, when, by the consent of the North Augusta Hotel Com-
pany, he sold and assigned his lease for the remainder of the
term to the North Augusta Land Company for $10,000, $5000 in
cash, and the promissory note of the North Augusta Land Com-
pany for $5,000, with W. K. Miller, James U. Jackson, and James
L. Hankinson as sureties thereon, such transfer or assignment
being made to W. K. Miller for the use of W. H. Barse, as agreed
to by the Land Company.   Miller transferred the lease to Barse
on November 3, 1916, in consideration of one dollar and other
valuable consideration paid to him, with the consent of the Land
Company, such transfer and assignment being without recourse
on Miller, and " in compliance with all contracts between us, W.
H. Barse, and W. K. Miller, and the North Augusta Land Com-
pany, to this date."   Contemporaneously with the execution and
assignments of the lease an agreement was entered into " between
the North Augusta Hotel Company and the North Augusta Land
Company, both South Carolina corporations (hereinafter called
the companies), jointly and severally, parties of the first part,
and C. A. Wood, of Boston, Massachusetts (hereinafter called
Wood), party of the second part," which contained the following
recitals and stipulations:  '" Whereas differences and disputes have
arisen between the parties as to their respective rights, obligations,
and liabilities under various transactions heretofore had between

them, and they now desire completely to settle and discharge the same.　1.　The Land Company, by W. K. Miller, has paid to Wood the sum of $5,000, and has delivered to him the note of said North Augusta Land Company of even date herewith for the principal sum of $5,000 with interest thereon at six per cent. per annum, payable January 15, 1917, with endorsers satisfactory to Wood. . .　3.　The Companies jointly and severally remise, release, and forever discharge Wood of and from all and all manner of claims, demands, contracts, debts, obligations, and controversies whatsoever, in law or in equity, which they may have had, now have, or hereafter shall or may have against the said Wood for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date hereof.　4.　Said Wood hereby assigns, transfers, and sets over to the Companies (but without recourse on him) all his right, title, and interest in and to the contracts and claims hereinafter mentioned, and the Companies hereby assume all and singular said contracts and claims and the obligations thereof, and undertake and agree to hold said Wood harmless against the same; said contracts and claims being as follows: . .　(c) a contract dated February 15, 1916, made between Johns Brothers Inc., of Norfolk, Virginia, and Wood, for coal; . .　5.　Said Wood has executed and delivered to W. K. Miller a proper instrument in writing assigning to said W. K. Miller all of his interest in a certain lease dated December 7, 1914, executed by said North Augusta Hotel Company as lessor and Wood as lessee, and relating to said hotel premises; . .　(c) the possession of said hotel in its present condition with all of its contents such as they may be, except as herein noted.　Said Company accepts delivery of all the foregoing in their present state and condition whatever the same may be, and without recourse against said Wood.　6.　Said Wood remises, releases, and forever discharges the Companies and their respective officers, past and present, and each of them, of and from all and all manner of claims, demands, contracts, debts, obligations, and controversies whatsoever, at law or in equity, which he has had, now has, or hereafter shall or may have, against the Companies or either of them, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date hereof, excepting only the note mentioned in

article 1 hereof, and the obligation of the Companies mentioned in articles 2 and 4."

Barse went into possession immediately under the transfer of the lease to him, and so remained until December 31, 1916, when the hotel was destroyed by fire. The note for $5,000 given to Wood by the North Augusta Land Company as principal, with Miller, Jackson, and Hankinson as sureties, not having been paid at maturity, suit was entered thereon by Wood in the city court of Richmond county against the principal and sureties. Defendants answered, and plaintiff demurred to the answer. It was averred in the answer that the note sued on was obtained through fraudulent misrepresentations made by Wood as to compliance with his obligation under the lease contract with the Hotel Company, he representing that he had kept the hotel and everything in connection therewith in such repair as is required of an up-to-date, first class, modern tourists hotel; whereas, he had failed to do this. He further represented that the contract he had made with Johns Brothers for coal for the winter of 1916 and 1917 was in existence; whereas the fact was that such contract had been canceled by Johns Brothers; and that defendants had been damaged in the sum of $10,000 by the failure of Wood to keep the premises in repair, and in the sum of $2,500 by reason of the cancellation of the coal contract. It was further averred that the note sued on would not have been given, nor the release executed to Wood entered into, had the defendants known of the falsity of Wood's representations.

Pending the case in the city court the petition now under review was brought by " The North Augusta Hotel Company, . . who sues for the use of itself and the North Augusta Land Company and . . said Land Company," against Wood, to enjoin the further prosecution of his suit in the city court. The petition, with the record of the pleadings in the case pending in the city court attached to the petition as an exhibit, showed the facts as above stated. The prayers of the petition were, that the case in the city court be enjoined until a final decree could be rendered on the petition; that the contract of release given by the Hotel Company and the Land Company to Wood be canceled; " that said Wood be required to come to an accounting with petitioner, for the use of said Land Company, not only for money expended

and indebtedness incurred for repairs on said hotel property, and for rent $38,000, but also for $5,000 paid said Wood at the time of the making of said contract [the release] ; that all hotel set-offs be allowed; that said note upon which he is suing in said court be canceled as without consideration;" and for general relief.

The petition was dismissed on general demurrer, and the North Augusta Hotel Company alone excepted.

*Pierce Brothers,* for plaintiff.

*Barrett & Hull,* for defendant.